# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Joseph Rutkowski** | |
| | Name: First   Middle   Last | |
| Debtor 2 | **Amaris Rutkowski** | |
| (Spouse, if filing) | Name: First   Middle   Last | |
| Case number: | **18-83562** | |
| (If known) | | |

Check if this is an amended plan ☐
Amends plan dated: ___,___
   Part(s) amended:
   ☐ Part 1    ☐ Part 5
   ☐ Part 2    ☐ Part 6
   ☐ Part 3    ☐ Part 8
   ☐ Part 4    ☐ Part 9

*Failure to check a box identifying a Part amended hereby may render that amendment ineffective.*

# Chapter 13 Plan

## Part 1   Notices

**To Debtor(s):**   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:**   Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.

☐ The plan sets out nonstandard provision(s) in Part 9.

## Part 2   Plan Payments and Length of Plan

**2.1**   **Debtor(s) will make regular payments to the trustee as follows:**

**$425** per **Month** for **60** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2**   **Regular payments to the trustee will be made from future income in the following manner** *(check all that apply):*

☑ Debtor(s) will make payments pursuant to a payroll deduction.   Debtor(s) request a payroll deduction be issued to **Wilson Lumber Company**

☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment)

| Debtor | Joseph Rutkowski<br>Amaris Rutkowski | Case number | 18-83562 | Eff (12/01/2017) |

### 2.3 Income tax refunds and returns. *Check one.*

- [x] Debtor(s) will retain any income tax refunds received during the plan term.

- [ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

- [ ] Debtor(s) will treat income refunds as follows:

- [ ] Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

### 2.4 Additional payment *(Check all that apply):*

- [x] **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### 2.5 Adequate Protection Payments

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3 Treatment of Secured Claims

### 3.1 Maintenance of payments and cure of defaults, if any, on long-term secured debts. *Check one.*

- [x] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

### 3.2 Request for valuation of security, claim modification, and hearing on valuation. *Check one.*

- [x] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

### 3.3 Secured claims excluded from 11 U.S.C. § 506 and fully secured claims. *Check one.*

- [ ] **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
- [x] The claims listed below:
    1. were incurred within 910 days before the petition date and secured by a purchase-money security interest in a motor vehicle acquired for the personal use of Debtor(s), or
    2. were incurred within 1 year of the petition date and secured by a purchase-money security interest in any other thing of value, or
    3. are fully secured.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee as specified below. Unless otherwise ordered, the amount stated on a proof of claim or amended proof of claim controls over any contrary amount listed below as to the estimated amount of the creditor's total claim, but the interest rate is controlled by the plan.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|
| Citizens Bank & Trust | $52.00 | $7,952.00 | 2007 Honda Odyssey | $5,175.00 | 5.25% | $339.00 | |
| TitleMax | $20.00 | $950.00 | 1999 Honda Accord LX | $1,000.00 | 5.25% | $40.00 | |

### 3.4 Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance. *Check all that apply.*

- [x] **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

### 3.5 Surrender of collateral. *Check one.*

- [x] **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Debtor | Joseph Rutkowski  Amaris Rutkowski | Case number | 18-83562 | Eff (12/01/2017) |

## Part 4 — Treatment of Fees and Priority Claims

**4.1 General**
Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2 Chapter 13 case filing fee.** *Check one.*

- [x] Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
- [ ] Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

**4.3 Attorney's fees.**

The total fee requested by Debtor(s)' attorney is **$3,500.00**. The amount of the attorney fee paid prepetition is **$115.00**. The balance of the fee owed to Debtor(s)' attorney is **$3,385.00**, payable as follows (*check one*):

- [ ] $ at confirmation and $ per month thereafter until paid in full, or
- [x] in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

**4.4 Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

- [x] **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Domestic support obligations.** *Check one.*

- [x] **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5 — Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

**5.2 Percentage, Base, or Pot Plan.** *Check one.*

- [ ] 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
- [ ] Percentage Plan. This plan proposes to pay ____% of each allowed nonpriority unsecured claim.
- [ ] Pot Plan. This plan proposes to pay $____, distributed pro rata to holders of allowed nonpriority unsecured claims.
- [x] Base Plan. This plan proposes to pay $ **25,500.00** to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

**5.3 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*
- [x] **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**5.4 Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

- [x] **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

**5.5 Other separately classified nonpriority unsecured claims.** *Check one.*

- [x] **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

## Part 6 — Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured. *Check one.*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case 18-83562-CRJ13    Doc 14    Filed 12/13/18    Entered 12/13/18 14:10:33    Desc Main
Document    Page 3 of 7

☑ None. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

6.2  The executory contracts and unexpired leases listed below are rejected:

**-NONE-**

### Part 7 — Sequence of Payments

7.1  Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

### Part 8 — Vesting of Property of the Estate

8.1  Property of the estate will vest in Debtor(s) *(check one)*:

☑ Upon plan confirmation.
☐ Upon entry of Discharge

### Part 9 — Nonstandard Plan Provisions

☑ None. *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

### Part 10 — Signatures:

**Signature(s) of Debtor(s) required.**

Signature(s) of Debtor(s) *(required)*:

X  /s/ Joseph Rutkowski          Date  **December 13, 2018**
   Joseph Rutkowski

X  /s/ Amaris Rutkowski          Date  **December 13, 2018**
   Amaris Rutkowski

Signature of Attorney for Debtor(s):
X  /s/ John C. Larsen            Date  **December 13, 2018**
   John C. Larsen
   1733 Winchester Road
   Huntsville, AL 35811
   256-859-3008

Name/Address/Telephone/Attorney for Debtor(s):

By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In Re: Joseph Rutkowski<br>SSN: XXX-XX-9835<br><br>Amaris Rutkowski<br>SSN: XXX-XX-9726<br><br>Debtor(s), | )<br>)<br>)<br>) Chapter 13<br>) Case No: 18-83562<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the Chapter 13 Plan has been served upon all creditors listed on the matrix electronically or by depositing copies for the creditors listed below in the United States Mail, properly addressed and postage prepaid, on this the 13th day of December, 2018.

A copy was served electronically on Michele Hatcher, Chapter 13 Trustee, on this the 13th day of December, 2018.

/s/ John C. Larsen

Label Matrix for local noticing
1126-8
Case 18-83562-CRJ13
NORTHERN DISTRICT OF ALABAMA
Decatur
Thu Dec 13 14:03:59 CST 2018

Citizens Bank & Trust, a corporation
c/o James C. Cameron
P.O. Box 940
Guntersville, AL 35976-0940

U. S. Bankruptcy Court
400 Well Street
P. O. Box 2775
Decatur, AL 35602-2775

AES/Educational Loans
Attn: Bankruptcy
Po Box 61047
Harrisburg, PA 17106-1047

Ad Astra Recovery
7330 West 33rd Street North
Suite 118
Wichita, KS 67205-9370

Bank of Missouri
916 N. Kingshighway St.
Perryville, MO 63775-1204

CREDIT ACCEPTANCE
25505 W 12 MILE RD SUITE 3000
SOUTHFIELD MI 48034-8331

Cash Aisle
P.O. Box 572
Lac Du Flambeau, WI 54538-0572

Citizens Bank & Trust
404 Gunter Ave
Guntersville, AL 35976-1130

Credit Acceptance
PO Box 513
Southfield, MI 48037-0513

DR DAVID MORGAN
C/O SMITH, ROUCHON & ASSOC
1110 BRADSHAW DR
FLORENCE, AL 35630-1438

Ed Financial
120 N. Seven Oaks Drive
Knoxville, TN 37922-2359

First Premier Bank
Attn: Bankruptcy
Po Box 5524
Sioux Falls, SD 57117-5524

Franklin Collection Service, Inc.
Attn: Bankruptcy
Po Box 3910
Tupelo, MS 38803-3910

Huntsville Hospital
101 Sivley Rd
Huntsville, AL 35801-4470

Inbox Loan
P.O. Box 881
Santa Rosa, CA 95402-0881

Merrick Bank/CardWorks
Attn: Bankruptcy
Po Box 9201
Old Bethpage, NY 11804-9001

MidAmerica Bank & Trust Company
Attn: Bankruptcy
Po Box 400
Dixon, MO 65459-0400

Paige Freeman Draper
PO Box 11366
Birmingham, AL 35202-1366

Safe Loan
2400 Big Timber Rd., Suite 105A
Elgin, IL 60124-7812

Speedy Cash
4298 University Dr. NW
Huntsville, AL 35816-3006

TekCollect Inc
Po Box 1269
Columbus, OH 43216-1269

TitleMax
3000 Memorial Pkwy. NW
Huntsville, AL 35810-2402

Total Visa
P.O. Box 85710
Sioux Falls, SD 57118-5710

U.S. Department of Education
Ecmc/Bankruptcy
Po Box 16408
Saint Paul, MN 55116-0408

U.S. Department of Education
Po Box 4222
Iowa City, IA 52244

US Deptartment of Education/Great Lakes
Attn: Bankruptcy
Po Box 7860
Madison, WI 53707-7860

Verizon Wireless
Attn: Verizon Wireless Bankruptcy Admini
500 Technology Dr, Ste 550
Weldon Spring, MO 63304-2225

Amaris Rutkowski
229 Lane Dr.
Hazel Green, AL 35750-7908

John C. Larsen
Larsen Law, P.C.
1733 Winchester Rd
Huntsville, AL 35811-9190

Joseph Rutkowski  
229 Lane Dr.  
Hazel Green, AL 35750-7908

Michele T. Hatcher  
Chapter 13 Trustee  
P.O. Box 2388  
Decatur, AL 35602-2388

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Citizens Bank & Trust, a corporation  
c/o James C. Cameron  
P.O. Box 940  
Guntersville, AL 35976-0940

End of Label Matrix  
Mailable recipients 31  
Bypassed recipients 1  
Total 32